Reed, J.,
delivered the opinion of the court.
It appears by the pleadings of both parties that O’Connor (appellee) borrowed $250, for which he gave his note payable to McMeel, and secured it by a trust deed upon two building lots which were conveyed in trust by mistake to McMéel, as trustee, to secure money alleged in the trust deed to be due and payable to John C. Keegan. The parties were reversed in the trust deed; the property was conveyed to the beneficiary, instead of the trustee. It was evidently the intention to convey to Keegan, as trustee, to secure McMeel, but the conveyance was to McMeel as trustee to secure Keegan ; the note was also described in the trust deed as payable to Keegan.
The note having matured and being unpaid, Keegan, assuming to act as trustee, advertised and sold the property to McMeel as purchaser and executed a deed as trustee purporting to convey the property. Some time after O’Connor tendered the amount due upon the note, which McMeel refused, claiming to be owner of the property. This suit was brought to compel McMeel to take the amount due and, by proper conveyance, to clear up the title. The facts stated in the complaint are admitted in the answer, and across complaint was filed alleging that the conveyance was the result of a mutual mistake, and asking for a reformation of the deed of trust, and that McMeel be declared the owner of the property. A demurrer was filed to the answer and cross complaint and sustained by the court. Defendants elected to stand by their answer, and a decree was entered for the plaintiff, and an appeal from such decree.
The decree must be affirmed. No title whatever passed to Keegan by virtue of the conveyance by trust deed, nor was he invested with any powers as trustee, hence, in assuming the duties of trustee and attempting to advertise and sell, he was only a volunteer, and the proceedings and supposed deed made by him as trustee were void and of no effect. No title having passed, the right of O’Connor to pay off the. in *115 debtedness and receive a release of his property clear of the cloud east upon it by the pretended sale and conveyance was unquestionable. If a reform was needed of the trust deed to make it conform to the intention of the parties, it should have been reformed before attempting to dispose of the property under it.

Affirmed.